PEARSON, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | CASE NO. 4:13CV00170 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DREW SCARSBOROUGH, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

     *Pro se* Plaintiff Frederick Banks, a federal inmate formerly incarcerated at Renewal, Inc.

("RI"), a private prison in Pittsburgh, filed this *Bivens*[1] action while he was incarcerated at

Northeast Ohio Correctional Center ("NEOCC").[2]  Plaintiff also asserts claims under 42 U.S.C.

§ 1983 insofar as "Defendants acted under state law to violate [his] Constitutional Rights." ECF

No. 1 at 3.  Plaintiff's Complaint names as defendants, RI Employee Unit Manager Drew

---

    [1]  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

    [2]  According to the Federal Bureau of Prisons website (http://www.bop.gov/), Plaintiff is presently incarcerated at FCI Forrest City in Arkansas. Plaintiff has failed to provide the court with notice of his transfer and his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him").

(4:13CV00170)

Scarsborough, RI Case Manager Frank DeClair, RI CEO Douglas C. Williams,[3] RI Monitor

Brian Yechtal, RI employees "Jamal" and "John Doe," RI Captain Cogner, RI Vice President

Steve Devlin, Community Correction Manager Pam Butler, NEOCC Warden M. Pugh, Sergeant

Sewell, RI Monitor Amanda Feree, United States Representative Mike Doyle, Pennsylvania

Representative Wayne Fontana, the United States House of Representatives, the United States

Senate, the Pennsylvania House of Representatives, the Pennsylvania Senate, the State of Ohio,

the Commonwealth of Pennsylvania, the Pittsburgh Tribune Review, the Pittsburgh Post Gazette,

United States Attorney General Eric Holder, the Inspector General, Department of the Interior

Secretary Ken Salazar, the Bureau of Indian Affairs, the Federal Bureau of Prisons, United States

Department of Justice Director Charles Samuels, and the United States Marshals.  ECF No. 1 at

1.  The Complaint asserts various claims regarding the conditions of Plaintiff's confinement at RI

and NEOCC, alleging, among other things, that Defendants failed to dispense Plaintiff's

prescribed medications and retaliated against him for filing grievances.

Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP").  ECF No. 2.  For the

reasons that follow, the motion is denied and this action is dismissed without prejudice, pursuant

to 28 U.S.C. § 1915(g).

## I.  Background

Plaintiff is no stranger to the federal courts.  Since his incarceration, he has filed a

---

[3]  The complaint identifies Defendant Williams simply as "'Doug,' Renewal, Inc., CEO." According to Renewal, Inc.'s website (http://www.renewalinc.com/aboutus.aspx), Douglas C. Williams is Renewal, Inc.'s Chief Executive Officer.

2

(4:13CV00170)

multitude of civil rights actions against his jailers, various state and federal government agencies, and political figures, alleging claims concerning the conditions of his confinement.  In the present action, Plaintiff alleges that Defendants participated in a civil RICO conspiracy and, as a part of that scheme, Defendants: (1) caused Plaintiff to suffer unspecified injuries by "slamming" a steel entrance door into his back; (2) failed to provide Plaintiff with his prescribed pain and hypertension medications during and after his transfer from RI to NEOCC for a period "exceeding five days"; (3) referred Plaintiff to a psychologist after he filed a complaint with Congressman Doyle; (4) issued and authored "bogus incident reports" against Plaintiff, causing his removal from RI; (5) failed to deliver to or allow Plaintiff to receive "pizza and Coke drinks," when other inmates in the NEOCC general population received such items, violating Plaintiff's right to Equal Protection; (6) maintained a camera above the inmate shower area in violation of Plaintiff's privacy rights; and (7) kept for themselves, and failed to forward, four boxes containing Plaintiff's personal effects after Plaintiff's transfer from FCI Forrest City, Arkansas. ECF No. 1 at 2-3. The Complaint seeks monetary damages, injunctive relief, and a writ of mandamus "compelling Defendants to perform their official duties" and his return to RI.  ECF No. 1 at 4.

## II.  Standard of Review Under 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty.  Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint.  28 U.S.C. § 1915(b); *McGore v.*

3

(4:13CV00170)

*Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for

the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding

or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the

benefit of the installment plan is denied to prisoners who have on three or more prior occasions,

while incarcerated, brought an action that was dismissed on the grounds that it was frivolous,

malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strikes" language of this section, the United States Court of

Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without

prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is

frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal

should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369,

377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner

Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28

U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Additionally, a

petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g) and

may be counted toward the three strikes where the prisoner's mandamus claims are essentially

indistinguishable from those typically alleged in a civil rights action. *See In re Kissi*, 652 F.3d

39, 41-42 (D.C. Cir. 2011); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v. Nottingham*,

90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by

prisoners. Allowing prisoners to continue filing actions as they had before enactment of the

amendments, merely by framing pleadings as petitions for mandamus would allow a loophole

4

(4:13CV00170)

Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison

lawsuits.'" (quoting  H.R. Conf. Rep. No. 104-378, at 166 (1995))).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not

apply if a "prisoner is under imminent danger of serious physical injury."  For purposes of

interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of

the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (

"[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the

complaint's filing.").  Although the Sixth Circuit has not offered a precise definition of

"imminent danger," it has suggested that the threat of serious physical injury "must be real and

proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the imminent

danger exception "is essentially a pleading requirement subject to the ordinary principles of

notice pleading." *Vandiver*, 416 F. App'x at 562; *see* *Andrews v. Cervantes*, 493 F.3d 1047,

1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the

complaint when deciding whether a prisoner faces imminent danger).

### III.  Law and Analysis

Plaintiff is a well-established three-striker, who has, on at least three prior occasions,

"brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious or fails to state a claim upon which relief may be granted." 28

U.S.C. § 1915(g). *See, e.g., Banks v.  Renewal, Inc.*, No. 13-129, 2013 WL 967959 (W.D. Pa.

Mar.  11, 2013), *adopting report and recommendation*, 2013 WL 968081, at *2 (Feb.  11, 2013)

(collecting cases and recommending denial of Plaintiff's motion to proceed IFP under  28 U.S.C.

(4:13CV00170)

§ 1915(g) and dismissal of Plaintiff's complaint); *Banks v. Outlaw*, No. 2:12-cv-00094 SWW/JTR, 2012 WL 2183038, at *1 (E.D. Ark. June 14, 2012) (citing *Banks v. U.S. Marshal*, 274 F. App'x 631 (10th Cir. April 26, 2008); *Banks v. Pennsylvania*, No. 09–1437, 2010 WL 569545 (W.D. Pa. Jan. 4, 2010)) (denying Plaintiff's application to proceed IFP and dismissing action pursuant to three strikes rule set forth in 28 U.S.C. § 1915(g)).

Plaintiff's captioning of his Complaint as a mandamus action does not defeat the application of the PLRA's prohibition on him proceeding IFP in this action. Plaintiff seeks injunctive relief and monetary damages for alleged violations of his constitutional rights; his pleading is without a doubt a 'complaint,' no matter what the title. BLACK'S LAW DICTIONARY (9th ed. 2009) (defining complaint as an "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief."). *See, e.g., Banks v. Warden, FPC Cannan*, No. 11–668, 2011 WL 1542132, at *1 n. 2 (M.D. Pa. April 21, 2011) ("Although styled as a 'complaint for a writ of mandamus' it is clear that plaintiff is initiating a civil action."); *Banks v. Sager*, No. 11–741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); *Banks v. Lappin*, No. 08–152, 2008 WL 2874193 (D.D.C. July 25, 2008) (vacating grant of IFP to Plaintiff in a proceeding Plaintiff captioned as a mandamus, rejecting that characterization, stating: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus." (quoting *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997))).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the

6

(4:13CV00170)

Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed his Complaint.  To be considered imminent, the danger must be contemporaneous with the complaint's filing.  *Vandiver*, 416 F. App'x at 562 (finding that "[b]ecause § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).  Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule.  *Thompson v. Sampson*, No. 1:10–cv–231, 2010 WL 1027897, at * 2–3 (W.D. Mich. Mar. 18, 2010). Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court.  *Vandiver*, 416 F. App'x at 562.

None of the allegations in Plaintiff's Complaint suggest that he was under imminent danger of serious physical injury when he filed this action.  At most, Plaintiff alleges that he *previously* suffered a physical injury to his back and that he was deprived of his prescription medications for an unspecified period of time *prior* to filing this action.  Nevertheless, there is no indication in the Complaint that these conditions continue to exist, much less that they pose a threat of *serious* physical injury.  Thus, the exception to 28 U.S.C. § 1915(g) does not apply in

(4:13CV00170)

this case, and Plaintiff may not proceed IFP.  *See Vandiver*, *Ashley*, *Banos*, and *Luedtke*, *supra.*

### III.  Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* is denied and this action is dismissed, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this Order: (1) pay the $350 filing fee in full, noting the above case style and number; and (2) file a motion to reopen the case.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  March 29, 2013                                      /s/ Benita Y. Pearson
Date                                           Benita Y. Pearson
                                               United States District Judge

8